IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMOTHY R. McCRAY,<br><br>        Plaintiff(s),<br><br>vs.<br><br>EDWARD J. CADEN, et al.,<br><br>        Defendant(s). | No. C 06-6396 CRB (PR)<br><br>ORDER<br><br>(Doc # 3) |

      Plaintiff, a prisoner at Kern Valley State Prison and a frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging harassment and retaliation by correctional staff. Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

      The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed

claims applies to claims dismissed both before and after the [PLRA's] effective date." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

      Plaintiff has had three or more prior prisoner actions dismissed by a federal district court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted.  See, e.g., McCray v. Rodriguez, No. C 06-4805 CRB (PR) (N.D. Cal. Aug. 18, 2006) (order of dismissal); McCray v. Rodriguez, No. C 06-5367 CRB (PR) (N.D. Cal. Sept. 7, 2006) (same); McCray v. Rodriguez, No. C 06-6565 CRB (PR) (N.D. Cal. Oct. 26, 2006) (same).  Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  He is not.  Plaintiff's request to proceed in forma pauperis (doc # 3) accordingly is DENIED.

      Under the law of the circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him.  See Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).  Within 30 days of this order plaintiff may show cause why § 1915(g) does not bar pauper status for him.  Failure to show cause, or pay the requisite $ 350.00 filing fee, within the designated time will result in the dismissal of this action without prejudice to bringing it in a new paid complaint.

SO ORDERED.

DATED: November 13, 2006

CHARLES R. BREYER
United States District Judge

2